JAMES F. HUNTINGTON *vs.* WILLIAM H. CLEMENCE.

Personal property bought and held by A., although bought with money furnished by and for which he has given his promissory notes to B., and held under an unrecorded agreement which provides that he shall hold the property in trust to secure payment of the notes, employ it in his business, and apply half of the proceeds of the business to pay the notes, and that on such payment the property shall belong three quarters to A. and one quarter to B., is subject to attachment as A.'s individual property.

TORT for the conversion of tools and machinery alleged to be property of the plaintiff, " as he is trustee of Charles H. Dalton, Edward Atkinson, Nathaniel Farwell and Charles P. Talbot."

At the trial in the superior court, before *Rockwell*, J., it appeared that the tools and machinery were attached by the defendant, a deputy sheriff, as the individual property of the plaintiff, on a writ against him; that they were bought and held by the plaintiff under a written agreement signed by him in which it was recited that Dalton, Atkinson, Farwell and Talbot had furnished him with $6000 with which to purchase the machinery and tools needed for the cutting and manufacture of peat, and to pay the expenses incident thereto, had otherwise aided him, and had received from him his notes for $6000 payable on demand with interest, and by which he agreed to purchase all the tools and machinery requisite for the business, in his name as trustee, and to hold the same in trust " for the security to said parties who have furnished said moneys, for the payment of said sums so furnished by them " respectively, and to apply, until the notes above mentioned should be paid in full at least one half of all the moneys received from the sale of

peat; which should not be needed to pay the current expenses of the business, in payment thereof. The agreement further pro-vided that if the majority of the parties holding said notes should in writing so request, then the business should be discontinued, and the said parties should, if they saw fit, take possession of the machinery and tools, sell the same and apply the proceeds to the payment of any amount remaining due on the notes; that when the notes should have been paid by the plaintiff, the machinery and tools should no longer be held by him in trust as before provided, but should be the property of the plaintiff and of said parties, in the proportion of three quarters as the property of the plaintiff absolutely, and the other quarter as the property of the said other parties; that thereafter the plaintiff should have the right to employ the machinery and tools in the business, on payment to said parties of a certain rent or royalty; that the plaintiff should have " no authority hereunder or otherwise to incur any liability or contract any debt or debts on account of either of the other parties named herein, or to act as their agent for any purpose whatsoever, nor shall this agreement in any way create or constitute a partnership between him and any one or more of said parties;" and that the plaintiff should devote his whole time and skill to the management and prosecution of the business, without charge to the other parties.

The judge ruled that " under this agreement property could not be bought and held in such manner as to be exempt from attachment as the individual property of the plaintiff, and so as to enable him to recover in this action in his capacity as trustee." Whereupon the jury returned a verdict, by consent, for the defendant, and the judge reported the case for the determination of this court; if the ruling was correct, judgment to be rendered on the verdict; otherwise, a new trial to be ordered.

*T. H. Sweetser & J. F. McEvoy*, for the plaintiff.

*T. Wentworth*, ( *C. A. F. Swan* with him,) for the defendant.

MORTON, J. The contract under which the question in this case arises is peculiar, but in substance it is a contract by which a debtor undertakes to give collateral security to certain of his creditors, by agreeing to hold personal property as trustee for

himself and them.    The plaintiff borrowed money of **Dalton**
and his associates, for which he gave his notes payable abso
lutely.    The money thus became his.    He bought personal
property, having previously agreed in this contract that he
would hold the same "in trust for the security to said parties
who have furnished" said money.    It is difficult to see how the
creditors have obtained any title to such property which they
can enforce either in their own names or in the name of Hun-
tington.    The property was purchased by Huntington, and re-
mained in his possession and use.    He was held out to the
world as the owner, and thus obtained credit.    When the prop-
erty is attached by creditors, who may have given him credit
upon the strength of his apparent ownership, he claims that he
holds it upon a secret trust for the security of other creditors.
Such a claim cannot be upheld in law.

It is the general policy of our laws that security upon per-
sonal property shall not be valid unless the property is delivered,
or a mortgage is duly recorded.    A trust of the kind set up in
this case is a complete evasion of the laws respecting pledges
and mortgages, and would produce all the mischiefs which those
laws were designed to prevent.        *Judgment on the verdict.*