JERRY SHAUGHNESSEY *vs.* BENJAMIN F. LEWIS.

Middlesex. January 13. — February 21, 1881. ENDICOTT, J., absent.

Parol evidence is admissible to show that the date stated in the *in testimonium* clause of a mortgage deed of personal property is not its true date, from which the fifteen days, limited by the St. of 1874, *c.* 111, for the recording thereof, begins to run.

TORT for the conversion of certain personal property. Trial in the Superior Court, before *Putnam*, J., who allowed a bill of exceptions in substance as follows :

The property in question, which was attached by the defendant, a deputy sheriff, on May 24, 1880, as the property of Mary A. Snow, was mortgaged by her to the plaintiff by a deed, dated in the *in testimonium* clause the "sixteenth day of June in the year one thousand eight hundred and seventy-nine," and purported to be acknowledged "July 21, 1879."

The deed, which covered real estate as well as the personal property attached, was duly recorded, on July 24, 1879, in the town clerk's office in Shirley, where the personal property was kept, and where the mortgagor then and has since resided, and the town clerk's certificate of such recording was indorsed on the deed. The plaintiff duly demanded the property of the defendant before bringing the action.

The defence relied on was that the deed was not recorded within fifteen days after its date, as required by the St. of 1874, *c.* 111.* The plaintiff contended that the true date of the deed was the date of its acknowledgment and delivery, to wit, July 21, 1879; and, in addition to the evidence of the date and delivery of the deed, as shown by the clause of acknowledgment therein, offered to prove that the mortgage deed was not signed, executed and delivered by the mortgagor to the plaintiff until July 21, 1879.

---

* This statute, which took effect July 1, 1874, provides that no mortgage made after the act takes effect, except such as are mentioned in the Gen. Sts. *c.* 151, § 2, "shall be valid as against any other person than the parties thereto, unless the same is recorded within fifteen days after the date thereof, or the property mortgaged is delivered to and retained by the mortgagee."

But the judge, at the defendant's request, excluded such evi dence as immaterial; ruled that, for the purposes of the trial, the date stated in the *in testimonium* clause of the deed, to wit, June 16, 1879, must be taken as the date from which the fifteen days began to run, within which time the mortgage should be recorded; and directed the jury to return a verdict for the defendant. The plaintiff alleged exceptions.

*J. T. Joslin*, for the plaintiff.

*W. H. Anderson*, for the defendant.

LORD, J. The purpose of the St. of 1874, *c.* 111, is obvious, and its true construction is equally obvious. The purpose is to prevent the antedating of a mortgage in order to give it a validity which it would not have if the true time of the execution were expressed in it; and the true construction of it is, that notoriety shall be given to the mortgage within fifteen days of its execution. It would be a very harsh as well as unnatural construction of the statute to suppose that the Legislature meant to make void as against the world an instrument which, in one of the various modes in which mistakes in the calendar occur, happens to be misdated. It is common knowledge that at the commencement of the year instruments are frequently antedated a year. It often occurs that such instrument carries with it conclusive evidence of a mistake in the date. Such evidence does not, however, change the words of the date.

We need not resort to the etymology of the word "date" to arrive at this conclusion, although the technical signification of *datum* would import the execution of the instrument, rather than figures of month or year. In *Folsom* v. *Clemence*, 111 Mass. 273, the law is stated with exact accuracy. In that case, there was no date of a mortgage except it was dated 1870 without month or day of the month, but on its back was written, "March 24, 1870;" in reference to which it is said by the court that "the evidence tended to show that to have been the time of its delivery, which is the true date."

The real question is, when did the instrument first take effect as a valid contract between the parties. If the instrument bore no other date than the month or the year, it would be competent for either party to show its true date; and, while the party claiming under it might show that in fact it was executed within

fifteen days of its record, it would be equally competent for the other party to show that it had been effectual as a contract between the parties for a long time before the fifteen days. What would be the effect of a re-delivery of an instrument more than fifteen days old, we need not inquire. Certainly, if it could have any effect, it could not have any anterior to such delivery. In this case, no such question arises. The entire transaction is within fifteen days of the recording. It is the exception to the ruling that the written words of the *in testimonium* clause of the instrument are conclusive upon the subject of date on the matter in issue, and that no other evidence can be received on that point, that is sustained.

It is not a question of extending, limiting or varying the words of a written instrument, but it is simply the question, When was the execution of that contract evidenced by the actual delivery of it ?                              *Exceptions sustained.*