### JOHN E. DREW *vs.* HORACE S. STREETER.

Berkshire.    September 9. — 22, 1884.    C. ALLEN & COLBURN, JJ., absent.

Under the Pub. Sts. *c.* 192, § 1, an attachment of mortgaged personal property which is not delivered to the mortgagee, made after delivery of the mortgage but before it is recorded, takes precedence of the mortgage, although the latter is recorded within fifteen days after its date.

MORTON, C. J.   This is an action of tort for the conversion of certain personal property.

The plaintiff claims under a mortgage of the property executed on June 8, 1882, at twenty-five minutes after seven o'clock in the afternoon, and recorded in the office of the clerk of the town in which the mortgagor resided on June 9, 1882.

The defendant, who is a deputy sheriff, claims under an attachment of the property in a suit by a creditor of the mortgagor, made on June 8, 1882, at thirty minutes after eight o'clock in the afternoon.

The property was not delivered to, or taken possession of and retained by, the mortgagee, before the attachment.   The only question in the case is whether the mortgage or the attachment has priority.

It is too clear to be open to any doubt, and is admitted, that, prior to the enactment of the Public Statutes, the attachment, having been made before the mortgage was recorded, created a

lien which took precedence of the mortgage. But the plaintiff contends that, by the true construction of the Pub. Sts. *c.* 192, § 1, if a mortgage is recorded within fifteen days, it takes effect from the day of its delivery, and is entitled to priority over any intervening title or lien.

This statute provides that mortgages of personal property shall be recorded on the records of the city or town where the mortgagor resides and in which he principally transacts his business, or in the town where the property is, if the mortgagor resides out of the Commonwealth. It then provides that, " unless a mortgage is recorded as aforesaid within fifteen days after the date thereof, or unless the property mortgaged is delivered to and retained by the mortgagee, the mortgage shall not be valid against any person other than the parties thereto, except as is hereinafter provided."

The plaintiff's argument is, that the provision that, unless recorded within fifteen days, a mortgage shall not be valid, necessarily implies that, if recorded within fifteen days, it shall be valid. This is true. Undoubtedly, if a mortgage is recorded within fifteen days, it is a valid mortgage; but the question is what is the effect of the registration. It gives the mortgage validity against subsequent purchasers or attaching creditors. But the Legislature does not directly or by implication provide that the registration shall relate back to the date of the mortgage, so as to give it priority over intervening titles or liens.

The statute we are considering was intended to be a consolidation and reënactment of the provisions of the Gen. Sts. *c.* 151, § 1, and of the St. of 1874, *c.* 111.

The General Statutes provided that, unless a mortgage is recorded, it shall not be valid against any person other than the parties. By implication, when recorded, it was valid; but it was uniformly held under this and preceding similar statutes that the registration did not relate back to the date, and that the mortgage must yield to any intervening attachments or other liens.

The St. of 1874, *c.* 111, provided that a mortgage should not be valid as against any other person than the parties thereto, unless the same is recorded within fifteen days after the date,

or the mortgaged property is delivered to and retained by the mortgagee. The object of this statute was to prevent a person from concealing a mortgage of his personal property of which he retained possession, thus giving him a false credit, and enabling the mortgagee, in case of the known or apprehended insolvency of the debtor, to obtain a priority over other creditors by putting his mortgage on record. This statute, in § 2, expressly provided that it should " not be construed as giving any effect to unrecorded mortgages which they do not now possess by law." The plaintiff concedes that, under the General Statutes, and under the St. of 1874, the attachment by the defendant took precedence of the plaintiff's mortgage.

As we have before said, the provisions of the Public Statutes were intended as a reënactment, without change, of the law as it previously existed. The Legislature enacted the statute in the same words as reported by the commissioners. The commissioners were appointed to consolidate and arrange the general statutes of the Commonwealth. Res. 1880, c. 46. They state in their report, that, " in view of this provision, we have endeavored to express in the text of our revision the existing laws, according to our understanding of them, in such a manner that no existing rights shall be changed." Report of Commissioners, 3.

In construing the Public Statutes, it is not to be presumed that the Legislature intended to change existing laws. It would require the strongest language, capable of no other construction, to lead us to hold that the Legislature intended to reverse the long-established policy of the Commonwealth, by which registration takes the place of delivery, and by which mortgages of personal property, until they are recorded, have no validity as against any persons except the parties thereto. Such is not the necessary or reasonable construction of the statute under consideration, and we are satisfied that it was not the intention of the Legislature to make so important a change in the existing laws.

The St. of 1883, c. 73, referred to by the plaintiff, is immaterial in this case, as it was passed after the rights of the parties were fixed. Its purpose seems to have been to fix the date written in the mortgage as the date when the fifteen days should

begin to run, and to make the provisions of the statute more clear and precise, and free from any question of construction like the one raised in the case at bar.

The result is, that, upon the case stated by the parties, the entry must be                         *Judgment for the defendant.*

*E. H. Beer*, for the defendant.

*A. W. Preston*, for the plaintiff.