## CHARLES W. AMERIGE *vs.* F. H. HUSSEY.

Suffolk. November 14, 1889. — March 5, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Mortgage of Personal Property — Recording — Limit.*

A mortgage of personal property placed upon record before the date written therein is duly recorded and valid within the St. of 1883, c. 73, §§ 1, 2, limiting the time after such date for recording chattel mortgages so as to render them valid as to third persons.

REPLEVIN of personal property. Trial in the Superior Court, without a jury, before *Mason*, J., who allowed a bill of exceptions, which, so far as material to the point decided, was as follows.

The property in question was mortgaged by the owner by a deed which recited as its date September 3, 1885, but which was recorded in the town clerk's office in Revere, as appeared by his certificate indorsed thereon, on September 2, 1885. The plaintiff, who claimed title as an assignee of the mortgage, requested the judge to rule, among other things, that the words of the St. of 1883, c. 73, "shall be recorded within fifteen days from the date written in such mortgage," must be construed and held to mean that the mortgage shall not be recorded later than fifteen days after the date written in the mortgage; that where it appears, as it does in this case, on the face of the mortgage, that the record must have been after the mortgage was made, and that the date of the record is not later than "fifteen days from the date written in" the mortgage, the mortgage was duly recorded, and it is not void by reason of failure seasonably to record it.

The judge refused so to rule, and found for the defendant; and the plaintiff alleged exceptions.

*J. F. Pickering & J. W. Pickering*, for the plaintiff.

*W. Howland & E. E. Rosling*, for the defendant.

W. ALLEN, J. The Pub. Sts. c. 192, § 1, relating to mortgages of personal property, contain the words, "Unless a mortgage is recorded as aforesaid within fifteen days after the date thereof, . . . the mortgage shall not be valid against any person other than the parties thereto." The St. of 1883, c. 73, reenacted the Pub. Sts. c. 192, §§ 1, 2, in terms, except the above,

and in lieu thereof § 1 is made to contain the words, "Every mortgage of personal property shall be recorded within fifteen days from the date written in such mortgage," and § 2 to read, " Until a mortgage of personal property has been recorded as provided in the preceding section, it shall not be valid against any person other than the parties thereto, . . . and any record of a mortgage made subsequently to the times limited in said section shall be void and of no effect."

In the Public Statutes as construed in *Shaughnessey* v. *Lewis,* 130 Mass. 355, the date of the mortgage meant the time of its delivery. The statute of 1883, besides making the date written in the mortgage the time from which the fifteen days are to run, made material changes in the phraseology of the statute. Instead of declaring the mortgage to be void as to third persons unless it was recorded within the time limited, it directed that it should be recorded within the time, and declared that it should not be valid against third persons until recorded, and that any record after that time should be void and of no effect. Under the Public Statutes the mortgage was declared to be not valid as to third persons unless it was recorded within fifteen days after its delivery. Under the statute of 1883, the mortgage was declared to be not valid as to third persons until it was recorded, and a record after fifteen days from the date written in it was declared to be void and of no effect.

In this case the date written in the mortgage was the third day of September, and the mortgage was recorded on the second day of the same September. It was on record within the fifteen days, but the manual act of recording it was done before, and not during, the fifteen days. That it was of record within the time limited seems to meet the requirement of the statute, that it shall be recorded within that time. That construction will not open the door to any fraud by false evidence, or otherwise, which the statute is intended to prevent, because the mortgage is of no effect as to third persons until it is recorded, and the recording of it is notice to everybody. There seems to be no reason that the record should not be notice of the delivery of the mortgage before the date written in it. The general rule that an instrument takes effect from its delivery, and may be recorded any time after its delivery, applies, except as modified by the statute; and

the meaning and effect of the statute are to require it to be upon record within the time limited after its written date. The recording of a postdated mortgage on the day of its delivery makes it certain that it will be upon record within the time fixed, and it seems a forced and unreasonable construction of the statute which would forbid it to be recorded for a month, or a year, or a century after its delivery, because the wrong date was written in it. The statute may work hardships when a mortgage is antedated by mistake, but that follows necessarily from carrying out the purpose of the statute, that the written date shall not be controlled by oral evidence. But that purpose does not require that the words " shall be recorded " shall not mean the condition of being a recorded instrument, but shall be construed to mean the act of putting upon record, and that a postdated instrument actually on record during the whole period prescribed shall be invalid because it was also on record before the period commenced, and was not afterward entered for record a second time. The statute does not prohibit or declare void a record made before the period prescribed, while it expressly provides that one made subsequently to the period shall be void and of no effect.                    *Exceptions sustained.*