GEORGE S. SMITH vs. HENRY W. HOWARD & others.

Middlesex.   January 26, 1899. — March 3, 1899.

Present: HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Unrecorded Agreement to give a Chattel Mortgage — Statute.*

As against a purchaser of the goods, an unrecorded agreement to give a chattel mortgage stands no better than an unrecorded mortgage, which, when the goods remain in the possession of the mortgagor, is void as against any person other than the parties thereto by the express words of St. 1883, c. 73.

BILL IN EQUITY, filed June 7, 1897, to charge a stock of goods with a lien, and to have them sold to satisfy the amount of the claim. Trial in the Superior Court, before *Richardson*, J., who dismissed the bill; and the plaintiff appealed to this court. The facts appear in the opinion.

*J. C. Ivy & W. F. Bacon*, for the plaintiff.
*J. H. Vahey & C. H. Innes*, for the defendants.

HOLMES, J.   This is a bill in equity brought to charge a stock of goods in the hands of the defendant Henry W. Howard with a lien, and to have them sold to satisfy the amount of the claim. The goods were bought by Howard from one Frederick C. Howard, with notice, as we assume, of the agreement upon which the plaintiff relies. This agreement was an oral promise to give a mortgage for six hundred and twenty-five dollars, made at the time of receiving a loan of five hundred dollars, the amount

being intended to cover the new loan and an old one of one hundred and twenty-five dollars. The judge who heard the case ruled that the plaintiff was not entitled to a decree upon the facts. found by him, of which the foregoing are all that are material.

The plaintiff argues that the agreement could not be recorded, that if it had been kept presumably the mortgage would have been recorded, and that the equitable lien or trust which he is seeking to establish is not subject to the registration laws. But the equitable interest must follow the contract upon which it is founded, and therefore the plaintiff's position must be that in equity he is to be regarded as a mortgagee, and the trouble is that an unrecorded mortgage of chattels remaining in the possession of the mortgagor is void as against any person other than the parties thereto by the express words of St. 1883, c. 73. The law is different as to mortgages of land, (Pub. Sts. c. 120, § 4,) and therefore *Pinch* v. *Anthony,* 8 Allen, 536, which enforced a written agreement for security against a purchaser of the land concerned, with notice, has no bearing upon the present case. *Huntington* v. *Clemence,* 103 Mass. 482, shows that an agreement like the present would not be enforced at law against attaching creditors. The policy of the statute to secure publicity is not affected by the question whether the proceedings are at law or in equity, (*Blanchard* v. *Cooke,* 144 Mass. 207, 226,) and its words admit of no exception on the ground that the purchaser has notice. *Bingham* v. *Jordan,* 1 Allen, 373, 374. We are of opinion that an unrecorded agreement to give a chattel mortgage stands no better than an unrecorded mortgage as against a purchaser of the goods. It is unnecessary to consider other objections to the plaintiff's case.

*Bill dismissed.*