CASPER BERRY vs. EUGENE LEVITAN & another.

Suffolk.    December 3, 1901. — March 3, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Mortgage, Of Chattels,* Priority.  *Assignment,* Equitable.

As between two mortgages of the same personal property executed on the same day, without delivery of the property, under St. 1883, c. 73, the one first recorded has priority, irrespective of the order of execution.

One who takes a mortgage of personal property without delivery of the property, in consideration of his lending the money to pay off a previous mortgage on the same property for the same amount, and receives a discharge of the previous mortgage just before his own mortgage is delivered to him, does not become thereby an equitable assignee of the previous mortgage, and his lien as against third persons begins when his own mortgage is recorded.

LATHROP, J.   This is a bill in equity brought in the Superior Court against one Levitan and Charles C. Goodwin.  The facts in the case are these.  On March 3, 1896, Levitan, who was the owner of a stock of goods in a store, subject to a mortgage for $600 to one Harriet French, mortgaged the same to the plaintiff, and the mortgage was duly recorded.  The goods remained in Levitan's store.  The consideration of this mortgage was the sum of $600, which was paid by the plaintiff to Levitan for the purpose of paying the money to French and discharging her mortgage.  This money was paid by Levitan to French, and she delivered to the plaintiff a discharge of her mortgage, just before the giving of the mortgage to the plaintiff.

Subsequently, on the same day, Levitan made a mortgage of the same goods to the defendant Goodwin.  This mortgage covenanted that the goods were free from incumbrances, except a mortgage of $600 to Harriet French.  This mortgage was put on record before the mortgage to the plaintiff; and Goodwin was not informed and did not know of the mortgage to the plaintiff.

On March 22, 1897, Goodwin took another mortgage from Levitan upon the same property.  This mortgage was duly recorded on March 25, 1897, and did not set forth any prior

incumbrance. We do not understand, however, that this mortgage has any bearing on the questions before us.

On January 28, 1900, Goodwin took possession of the property, under the claim that he was the first mortgagee; and a few days later this bill was brought to prevent Goodwin from selling the goods under a power contained in his mortgage, and to have the plaintiff declared the first mortgagee.

Subsequently, the goods were sold by order of the Superior Court, and the net proceeds, which were insufficient to pay either mortgage in full, were ordered by a decree of the court to be paid over to the defendant Goodwin, he being adjudged the first mortgagee; and the bill was ordered to be dismissed as to Goodwin. The case is before us on an appeal from this decree.

The law in force when the mortgages were given is found in the St. of 1883, c. 73. Section 1 of this statute requires every mortgage of personal property to be recorded within fifteen days from the date written in such mortgage, unless it is required to be recorded in two places, when, if it is recorded in one place within the fifteen days, it may be recorded in the other place within ten days from the date of the first record.

Section 2 reads as follows: " Until a mortgage of personal property has been recorded as provided in the preceding section, it shall not be valid against any person other than the parties thereto, unless the mortgaged property is delivered to and retained by the mortgagee; and any record of a mortgage made subsequently to the times limited in said section shall be void and of no effect." This statute now appears in the R. L. c. 198, § 1.

Speaking of the St. of 1883, in *Drew* v. *Streeter*, 137 Mass. 460, 462, it was said by Chief Justice Morton : " Its purpose seems to have been to fix the date written in the mortgage as the date when the fifteen days should begin to run, and to make the provisions of the statute more clear and precise, and free from any question of construction like the one raised in the case at bar." The question before the court in that case arose under the Pub. Sts. c. 192, § 1, and was whether a mortgage, recorded within fifteen days, took precedence of an attachment of the goods covered by the mortgage, made after the mortgage

was executed but recorded before the mortgage was. It was held that the mortgage did not take precedence, on the ground that the registration did not relate back to the date of the mortgage so as to give it priority over intervening titles or liens.

By the express terms of the St. of 1883, a mortgage of personal property is not valid as against third persons until recorded. *Amerige* v. *Hussey*, 151 Mass. 300. In *Smith* v. *Howard*, 173 Mass. 88, it was held that an unrecorded agreement to give a chattel mortgage stood no better in equity than an unrecorded mortgage as against a purchaser of the goods.

If the mortgage to Goodwin had been made subject to the mortgage to the plaintiff and he had assumed and agreed to pay the same, Goodwin's mortgage might not take precedence of the plaintiff's mortgage. *Howard* v. *Chase*, 104 Mass. 249. *Pecker* v. *Silsby*, 123 Mass. 108. But the mortgage to Goodwin was not only not subject to the mortgage to the plaintiff, but it was not subject to the mortgage to French. The only reference to the latter mortgage is in the following clause: " And I hereby covenant with the grantee that I am the lawful owner of the said goods and chattels; that they are free from all incumbrances, except a mortgage to Harriet French of $600 assigned to John E. Ware; that I have good right to sell the same as aforesaid; and that I will warrant and defend the same against the lawful claims and demands of all persons." There is no clause by which Goodwin assumes and agrees to pay the mortgage to French, and Goodwin was not under any obligation to pay this mortgage. *Estabrook* v. *Smith*, 6 Gray, 572. *Ayer* v. *Philadelphia & Boston Face Brick Co.* 157 Mass. 57.

It is suggested that as the consideration of the plaintiff's mortgage was the payment by him to Levitan of $600 for the purpose of paying this sum to French, and discharging a mortgage which French had upon the goods, and as Levitan did pay this sum to French, and French delivered to the plaintiff a discharge of the mortgage just prior to the giving of the mortgage by Levitan to the plaintiff, this discharge may be considered as an assignment to the plaintiff of the mortgage to French. But as was said in *Smith* v. *Howard*, *ubi supra*, " the equitable interest must follow the contract upon which it is

founded." That contract, as we have seen, is a mortgage not recorded until after the plaintiff's mortgage, and, by the express terms of the statute it is not valid until recorded. We are therefore of opinion that the decree of the Superior Court was correct.

*Decree affirmed.*

*W. A. Buie,* for the plaintiff.

*E. Levitan, pro se.*

*O. B. Mowry,* for the defendant Goodwin.