BENJAMIN V. HARRISON & another *vs.* J. J. WARREN COMPANY.

WORCESTER COLLATERAL LOAN ASSOCIATION, Intervenor.

Suffolk.　December 5, 1902. — February 28, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Receiver.　Mortgage,* Of chattels.

When a receiver of the property of a corporation is appointed, his custody of the property is that of the court, and the title to the property remains in the corporation.

The holder of a chattel mortgage made by a corporation, who records his mortgage within fifteen days as required by R. L. c. 198, § 1, has no title as against a receiver of the property of the corporation appointed after the making of the mortgage but before it has been recorded, the receiver being "a person other than the parties."

LATHROP, J.　This is a petition to the Superior Court by the Worcester Collateral Loan Association for leave to intervene in a suit in equity brought by creditors of the defendant company, in which a temporary receiver, and afterwards a permanent receiver, had been appointed. The object of the petition is to have a mortgage held by the petitioner paid by the receiver out of the assets of the defendant. The case was heard in the Superior Court. The judge found certain facts, made certain rulings, and reported the case for our consideration.

The material facts may be briefly stated. The petitioner is the holder of a chattel mortgage made to it by the defendant and dated April 2, 1902, for the sum of $3,000. This mortgage was not recorded until the afternoon of April 17, 1902. Some question was made in the court below as to whether the prop-

erty included in the mortgage had been delivered to and retained by the petitioner. The judge found that it had not been retained; and the petitioner has not raised the point before us. On April 16, 1902, on the bill in equity filed by the creditors of the defendant company, a temporary receiver was appointed to manage and dispose of the assets of the corporation; and he was duly qualified before the petitioner's mortgage was recorded.

The judge of the Superior Court ruled: "The appointment of the receiver vested the property in him, and the recording of the mortgage after that time gave the mortgagee no greater rights than he had before, for the receiver came in with the rights of any third person, and was not a party to the mortgage."

The mortgagee contends that the judge erred in ruling that "the appointment of the receiver vested the property in him." If by this the judge meant that the title to the property vested in the receiver, he was wrong. A receiver is merely a ministerial officer of the court. The title to the property does not change; and, if he is required to take property into his custody, such custody is that of the court. *Ellis* v. *Boston, Hartford & Erie Railroad*, 107 Mass. 1, 28. *Bell* v. *American Protective League*, 163 Mass. 558, 562.

We need not consider whether this is the meaning of the words used, for by the terms of the report such decree is to be entered as law and justice may require. The real question in the case is whether the petitioner has a preferred claim over the other creditors.

The petitioner contends that he has a valid mortgage because he recorded it within the fifteen days required by the R. L. c. 198, § 1. But the registration did not relate back to the date of the mortgage. *Drew* v. *Streeter*, 137 Mass. 460. *Berry* v. *Levitan*, 181 Mass. 73. By the express terms of the statute, "Unless the property mortgaged has been delivered to and retained by the mortgagee, the mortgage shall not be valid against a person other than the parties thereto until it has been so recorded."

It cannot be contended in this Commonwealth that the receiver so represents the defendant that he is a party to the mortgage. *Bingham* v. *Jordan*, 1 Allen, 373. *Chick* v. *Nute*, 176 Mass. 57. *Haskell* v. *Merrill*, 179 Mass. 120. The receiver is, in the language of the statute, "a person other than the par-

ties thereto," and against him the mortgage is not valid.   See *Graham Button Co.* v. *Spielmann*, 5 Dick. 120 ; *Farmers' Loan & Trust Co.* v. *Minneapolis Engine & Machine Works*, 35 Minn. 543.

*Decree affirmed.*

*H. L. Parker*, for the petitioner.

*H. M. Williams*, (*C. H. Cleaves, Jr.* with him,) for the receiver.