## In re JENNINGS.

(District Court, D. Massachusetts.   November 18, 1922.)

No. 30520.

Chattel mortgages ⬡104—Note is admissible to show date of mortgage.
    Where the date stated in a chattel mortgage is incomplete, the note secured may be referred to, for the purpose of determining whether the mortgage was recorded within the time required by statute.

In Bankruptcy.   In the Matter of Fred T. Jennings, bankrupt.   On review of order of referee.   Affirmed.

Thomas H. Bilodeau, of Boston, Mass., for trustee.
Moses H. Steuer, of Boston, Mass., for mortgagee.

BREWSTER, District Judge.   The trustee seeks to reach personal property in the hands of a mortgagee in possession under a chattel mortgage given by the bankrupt, dated July, 1920, and recorded July 12, 1920.   The trustee contends that the mortgage is invalid, because it was not recorded in accordance with the requirements of chapter 255, § 1, of the General Laws of Massachusetts.

This section provides that "mortgages of personal property shall, within fifteen days from the date written in the mortgage, be recorded," etc., and that "the mortgage shall not be valid against a person other than the parties thereto until so recorded."   The referee found as a fact that the mortgage was dated in July, 1920, and that the recording complied with the statute.   The finding of fact was inevitable and the conclusion of the learned referee correct.

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

While it has been held that oral evidence cannot be resorted to, for the purpose of showing that the true date was different from the date written in the mortgage (Amerige v. Hussey, 151 Mass. 300, 24 N. E. 46) it does not follow that an incomplete date would invalidate the mortgage, when enough appears in the instrument itself to show beyond a doubt that the mortgage must have been recorded within the time limited (Amerige v. Hussey, supra).

The referee also found that the note secured by the mortgage was dated July 12, 1920. In Old Colony Trust Co. v. Medfield, 215 Mass. 156, 102 N. E. 484, the court had recourse to the date of the bonds secured by a mortgage covering personal property in order to determine which of two dates "written in the mortgage" should govern. I agree, therefore, with the learned referee that the mortgage was properly recorded.

Report of the referee affirmed.