In the Matter of the PLAZA CO., d/b/a Tremont Plaza, Bankrupt.

No. 450–55.

United States District Court
D. Massachusetts.

June 1, 1956.

Alan J. Dimond, Boston, Mass., for petitioning creditors.

George J. Shagory, Boston, Mass., for mortgagee.

WYZANSKI, District Judge.

This case comes before this Court upon a petition by the Trustee in Bankruptcy for review of an order of the Referee in Bankruptcy upholding the validity of a chattel mortgage claimed by Clement D'Andria on property of the bankrupt. The Trustee challenged the validity of the mortgage on the ground that it was not recorded "within fifteen days from the date written in the mortgage," as required by Massachusetts General Laws (Ter.Ed.) chapter 255, § 1, in that it was recorded on February 17, 1954, but contained as the only recitation of its date of execution the statement that it was signed "this * * * day of February, 1954." The sole question which is presented here upon review is whether the Referee was correct in admitting parol evidence for the purpose of establishing the date upon which the mortgage was in fact executed and delivered. From the evidence before him the Referee found that the actual date of execution and delivery was February 15, which was of course within the statutory 15-day period. No dispute here is raised about the finding of fact provided that parol evidence is admissible. The contention in this court turns exclusively on the problem whether parol evidence is admissible to establish the date of the actual execution and delivery of a chattel mortgage.

The applicable statute, Mass.G.L.Ter. Ed. c. 255, § 1, now provides that—

"Mortgages of personal property shall, within fifteen days from the date written in the mortgage, be recorded on the records of the town where the mortgagor resides when the mortgage is made, and on the records of the town where he then principally transacts his business. * * * The mortgage shall not be valid against a person other than the parties thereto until so record-ed; and a record made subsequently to the time limited shall be void."

In this case there is no doubt that the mortgage was recorded on February 17. Obviously there is no doubt it was within 15 days, in fact within 2 days, of what the Referee has found to be the date of the actual execution and delivery. But there remains the problem as to whether the Referee could be permitted to make the finding since the testimony upon which he relied did not lie within the four corners of the mortgage but was extrinsic thereto and in that sense was parol evidence.

The point presented to me by the petition is that the rule with regard to exclusion of parol evidence is of great importance here because the Massachusetts statute, in the view of the petitioner, was explicitly amended in order to overcome the generous rule laid down in Shaughnessey v. Lewis, 130 Mass. 355. It is the petitioner's view that although in 1874 in the Shaughnessey case, parol evidence was admissible to establish the date of the delivery of a mortgage, the 1883 Massachusetts Amendment was intended to alter the rule.

Buttressing this contention, the petitioner refers the Court to a decision rendered in 1922 by Judge Brewster in In re Jennings, D.C.Mass., 284 F. 729. In this case, arising under the very same statute with which the Court is now faced at bar, and also arising in a bankruptcy matter, the problem turned on facts where a mortgage had been recorded on July 12, 1920, but the mortgage recited merely that it had been given on July * * * 1920. When the matter was before the Referee in the Jennings case, it is quite plain the Referee did admit parol evidence which showed the date of the actual execution of the mortgage. The last paragraph of the opinion shows that the Referee looked at the note which was secured by the mortgage and its extrinsic evidence was pleaded by the Referee as controlling to show that within the appropriate time after execution the mortgage was recorded. When the matter came for review before Judge Brew-

ster, while Judge Brewster seems in his concluding sentence to have accepted the Referee's reasoning in part, he did not place upon that reasoning his chief emphasis. He said that the recital in the deed that the mortgage was executed within the month of July, 1920, was enough to show that it must have been made within 15 days prior to July 12, 1920.

■ Whatever may be said of Judge Brewster's double reasoning in the Jennings case, I myself am quite prepared to go one step further than he went. To me it is quite plain that parol evidence is admissible in order to show what is the actual date of the execution of a mortgage of the type covered by the recording provisions of Mass.G.L. c. 255, § 1. In my view the Massachusetts courts would permit the introduction of such parol evidence. See: Old Colony Trust Co. v. Medfield, etc., R. Co., 215 Mass. 156, 158, 102 N.E. 484, and Federal Trust Co. v. Bristol County St. R. Co., 222 Mass. 35, 44, 109 N.E. 880. Consider also the general rule which is applied in connection with parol evidence offered to establish the date of a document. Wigmore on Evidence, Vol. 9, s. 2410, p. 36; Jones on Chattel Mortgages, 5th ed., s. 103, p. 155.

■ Indeed, authority apart, the reasoning of the matter is plainly in favor of allowing parol or extrinsic evidence to establish the date of a document. Such a matter is in no sense a contradiction of anything within the document in a case where the document is itself silent as to the date. It is merely filling in a surrounding circumstance for the purpose of explaining, not the legal effect of a document, but the time within which the document must be recorded if it is to satisfy—not a rule of contract, not a rule of property *inter se* in the negotiations of the parties—solely a statutory command designed for the benefit of general creditors and others who might directly or indirectly claim liens upon property of the grantor, or donor, or mortgagor of property.

The easiest way to show parol evidence is admissible is by taking a fanciful but quite illustrative case. Suppose that there were an automobile fully owned by Massachusetts Citizen A and located at all times within the Commonwealth of Massachusetts. Further suppose that A and B are both in Florida on the 2d of January, 1954, A is in need of money, and on that date he gives as security for a loan made by B a mortgage to B covering the chattel, to wit, the automobile located in Massachusetts. The parties as between themselves neglect to put in a date. They have no fraudulent purpose. They both are aware, however, that the climate in Florida as well as the other attractions there available are likely to keep them in southern climes for many months to come. In May, when they return to Massachusetts, B forthwith records, with A's full knowledge, the chattel mortgage in the appropriate town in Massachusetts. Can anyone have any doubt as to whether parol evidence would be admissible to show the date of the actual execution and delivery of the mortgage on the 2d of January, some four and a half or five months before the recording?

If, as must be conceded, parol evidence is admissible in that case where no fraud is contemplated but merely a more convenient time for recording, surely, *mutatis mutandis*, parol evidence is admissible in a case like the one at bar to establish the fact that recording was timely rather than dilatory.

The petition is denied.