*Municipal Court of the City of Boston*
No. 139464
**JACK I. DROBNIS, d/b/a**
v.
**UNITED ART COMPANY, INC.**
Argued:—Oct. 21, 1966   Decided:—Oct. 26, 1966

*Present:*   Adlow, C.J. Morrissey, Canavan, J.J.
Case tried to *Glynn, J.*   In the Municipal Court of
the City of Boston, No. 139464.

*Adlow, C.J.* Action of *scire facias*. In an action brought by the plaintiff against Freehold Paper Converters, Inc. of Freehold, New Jersey, the United Art Company of Boston, Massachusetts, was named as trustee in a writ served on the trustee on *April 28, 1965*. On *May 19, 1965* the trustee answered that it had funds in its hands in the amount of $1,399.64. On the following day *(May 20, 1965)* the trustee learned that this sum had been assigned to Crompton-Richmond Co., Inc., Factors, of New York City, by a written factoring agreement executed on September 29, 1964. On June 7, 1965 the United Art Company, Inc., paid the sum of $1,399.64 to the assignee. In the original action the trustee was charged, but did not pay when demand was duly made.

In these proceedings in *scire facias* the above facts were disclosed by the interrogatories and answers filed with the court, and the court found for the plaintiff. Being aggrieved by the finding of the court and by the refusal of the court to rule as requested, the defendant brings this report. In essence, it is the claim of the defendant that there was no evidence to warrant a finding for the plaintiff. We do not agree.

There appears to be no dispute with respect to the aspect to the material facts disclosed by the written interrogatories and answers. On the date of the service of the trustee writ this defendant had in its hands money owing to defendant in the original action, and

he so answered in court. Subsequently this defendant learned that this fund was claimed by an assignee under a factoring agreement made on September 29, 1964. It does not appear from the evidence that this assignment was recorded. It is likewise evident that the defendant in *scire facias* had no knowledge of the assignment until after the trustee writ had been served on it. Notwithstanding the fact that this defendant learned of the assignment after it had already been served in the trustee proceedings, it chose to honor the assignment. In doing this it acted at its peril.

By virtue of G.L. c. 106, § 9-302 (1) a financing statement must be filed to perfect all security interests except (e) an assignment of accounts or contract rights which does not alone or in conjunction with other assignments to the same assignee transfer a significant part of the outstanding accounts or contract rights of the assignor. The exception does not cover the situation in the cause in issue. In the assignment in issue it appears from the interrogatories that "all accounts receivable had been assigned . . .". Under these circumstances the assignment should have been recorded. Having failed to so record it, the assignment has no validity except between the immediate parties to the agreement of assignment. *Smith* v. *Howard*, 173 Mass. 88. This view is in accord with the general policy of our law that security upon personal property evidence by a written

agreement, is not a valid lien on the property unless the property is delivered to the assignee or is duly recorded. *Huntington* v. *Clemence,* 103 Mass. 482; *Drew* v. *Streeter,* 137 Mass. 460; *Berry* v. *Levitan,* 181 Mass. 74; *Harriman* v. *Warren,* 183 Mass. 124; *Leahy* v. *George,* 273 Mass. 130.

There was no error. **Report dismissed.**

NACHMAN S. COHEN of Boston,
    for the Plaintiff

ROBERT I. ECTMAN of Boston,
    for the Defendant