WILLIAM D. TURNER & others, *vs.* STATE WHARF AND STORAGE COMPANY.

OLD COLONY TRUST COMPANY, trustee, *vs.* SAME.

Suffolk. November 18, December 5, 1927, January 3, 1928. —
March 6, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Receiver. Equity Jurisdiction,* Receivership proceedings.

In a suit in equity by a creditor against a corporation with assets assessed at $179,000 subject to a bond issue of $85,000 secured by a trust mortgage, a receiver was appointed who rendered services in management of the property, conserving it from tax liens, procuring a reduction of taxes, in relation to foreclosure of the trust mortgage, and in suits relating to those matters, which services were worth $6,500, and of which

$1,000 was earned in the foreclosure proceedings and $1,500 in saving the corpus of the property from destruction, waste and loss.   The receiver's counsel rendered services worth $3,000, of which $1,000 was earned in the foreclosure and $1,200 in saving the corpus of the property from destruction, waste and loss.   The receiver acted at all times in close coöperation with a committee representing the bondholders, and the trustee and bondholders knew that, had foreclosure proceedings been instituted at an early stage of the receivership, a receiver would probably have been appointed who would have performed substantially the same services as were performed by the receiver who was appointed; the bondholders and trustee were satisfied with and approved the receivership, considering that it was for their benefit and that their interests required its continuance.   A decree was entered awarding the receiver $6,500 and the counsel $3,000 for their services, in priority to the rights of the trust mortgagee.   The trust mortgagee appealed. *Held*, that

(1) The services of the receiver and his counsel in protecting the property from destruction were for the benefit of the bondholders;

(2) The bondholders, by their implied assent, were bound to the same extent as if they expressly consented to the appointment of the receiver;

(3) A purchaser of the bonds at a sale foreclosing a pledge of them to secure a loan by a bank to the bondholders of money, which they lent to the receiver upon receiver's certificates, as a matter of law took title with notice that the receiver was acting not only with the consent of the bondholders, but also in close coöperation with them, and was entitled to compensation in priority to the bondholders;

(4) In the circumstances, the allowances made to the receiver and his counsel were right.

BILL IN EQUITY, filed in the Superior Court on November 23, 1923, by creditors of State Wharf and Storage Company (hereafter called the Company), for a receiver.  Also, a

BILL IN EQUITY, filed in the Superior Court on May 23, 1927, by Old Colony Trust Company, the trustee under a mortgage securing the payment of bonds issued by the Company, for foreclosure of the mortgage.

An interlocutory decree consolidating the two suits, and proceedings in both of them and by the receiver are stated in the opinion.

The two suits were heard by *Lummus*, J., upon the questions, what allowance should be made to the receiver and to his counsel for services.  Material facts found by him are stated in the opinion.  By his order an interlocutory decree was entered awarding the receiver $6,500 and his counsel $3,000, "such sums to be paid by the receiver out of

the funds in his hands resulting from the foreclosure sale so far as such funds may be needed to pay the same after applying the other net assets of the receivership toward the payment of the said amounts allowed to the receiver and to his counsel." The Old Colony Trust Company appealed.

*A. P. Lowell,* for Old Colony Trust Company.

*W. D. Turner,* for the receiver.

*F. T. Leahy,* for Marshall B. Hall, submitted a brief by leave of court.

CARROLL, J. This is an appeal by the trustee under a bond mortgage from a decree, in receivership proceedings, awarding compensation to the receiver and his counsel out of the funds in the receiver's hands resulting from the foreclosure of the mortgage. The amounts awarded are not questioned. The issue of law raised by the appeal is the power of the court to award compensation to the receiver and his counsel for services not included in the foreclosure proceedings, making this compensation a charge on the proceeds of a foreclosure sale of the mortgaged property and prior to the bonds issued under this mortgage. The suit in equity which resulted in the appointment of a receiver was brought in 1923 by the holders of a promissory note of the State Wharf and Storage Company, hereafter referred to as the Company. The assets of the Company consisted of two wharves and land adjacent, which were subject to a mortgage held by the Old Colony Trust Company to secure an issue of $85,000 first mortgage bonds. The property was assessed at $179,000.

The receiver found that the real estate had been sold for taxes; he was without money to redeem. Acting under the direction of a committee of bondholders, "all the bondholders, representing $85,000 in bonds, joined in borrowing $30,000 from the Exchange Trust Company upon a note secured by pledge of the $85,000 in bonds," and then lent to the receiver $24,116 upon receiver's certificates issued under a decree providing that these certificates were "a lien upon the property of the State Wharf and Storage Company secondary only to the lien of the first mortgage and to the lien of taxes, and to the expenses and charges of the receivership, to be

allowed by the court." With this money the receiver secured redemption of the property from the tax sales, repaired the storage shed which was in danger of collapsing, and paid about $2,000 for fire insurance premiums. This loan of the Exchange Trust Company and the pledge to it of all the outstanding bonds were made in February, 1924, at which time there was no default in the payment of principal or interest on the bonds, but the Company was in default under the covenant in the mortgage to pay taxes. The receiver obtained a reduction of the assessed valuation from $179,000 to $125,000. At the reduced value $4,000 was required for taxes. The gross income of the Company was at first about $8,000 annually, but this amount gradually declined with the falling off in the lumber storage business. The bondholders and the trustee, "though there was default in the payment of interest, and, from March 1, 1925, in the payment of principal," made no attempt to foreclose and made no objection to the receivership, and they requested the receiver to keep the premises insured against fire. The receiver acted at all times in close coöperation with the committee representing the bondholders, and the trustee and bondholders knew that had foreclosure proceedings been instituted at an early stage of the receivership, a receiver would probably have been appointed who would have performed substantially the same services as the present receiver. The judge found that the bondholders and trustee were satisfied with and approved the receivership, considering it for their benefit, and that their interests required its continuance.

In October, 1926, a decree was entered authorizing the receiver to borrow from bondholders an additional sum of $1,500 for taxes and expenses. Certificates were issued "in the form heretofore authorized," and the money received. In March, 1927, the Exchange Trust Company sold at auction the $85,000 in bonds pledged to secure the $30,000 note, receiving at the sale $40,200, which paid the note and left a balance for the bondholders. Marshall B. Hall was the purchaser. He now holds the entire bond issue of $85,000. The petition of the receiver to sell the property free from the lien of the mortgage was denied. In the meantime the Old

Colony Trust Company, as trustee, entered a petition to file a foreclosure bill. This petition was granted May 23, 1927. A foreclosure bill was then filed and by decree the suit was consolidated with the equity suit in which the receiver was appointed. It was further provided in the decree that the order appointing Howard Gray receiver "be and it hereby is extended over this cause for the protection of said Old Colony Trust Company, Trustee," and the bondholders.

In June, 1927, a decree of foreclosure and sale, drawn by counsel for the Old Colony Trust Company, was entered directing a foreclosure sale at auction by the receiver. By "article 7" of the decree the proceeds of the sale, so far as material to the question before us, were to be applied "to the payment of the costs and expenses of this cause, including such compensation to the receiver herein and his counsel as may be allowed by this court, and all proper expenses attendant upon the sale by this decree directed to be made including the disbursements of the receiver in connection therewith."

At the auction sale, Hall bid in the property for $38,000. In July, 1927, the receiver filed the report of the sale and later in the month filed the petition for compensation to himself and to his counsel. This came on to be heard. Counsel for the Old Colony Trust Company and counsel for Hall objected to any allowance for the receiver or his counsel, except for services in the foreclosure proceeding. The judge found that the receiver had fairly earned the sum of $1,000 for his services in the foreclosure proceedings and $5,500 for services apart from the foreclosure proceedings; that of this $5,500 the sum of $1,500 represented his services in saving the corpus of the property from destruction, waste and loss; that his counsel, William D. Turner, Esquire, had fairly earned the sum of $1,000 for his services in the foreclosure proceedings and $2,000 apart from his services in the foreclosure proceedings; that of this $2,000 the sum of $1,200 represented his services in saving the corpus of the property from destruction, waste and loss.

It is a general rule that liens on property in the care of a receiver cannot be subordinated to the charges and expenses

of a receivership; vested contract liens are not displaced by receivership proceedings; their priority continues, notwithstanding the appointment. *Philler* v. *Yardley,* 62 Fed. Rep. 645. Mortgagees cannot, as a general rule, be deprived of their property which is under the care of a receiver. Their property rights are not subject to his charges and expenses. *Philler* v. *Yardley, supra. Kneeland* v. *American Loan & Trust Co.* 136 U. S. 89. See *Old Colony Trust Co.* v. *Medfield & Medway Street Railway,* 215 Mass. 156, 162.

There are exceptions to this general rule. Services and expenses of a receiver, when necessary in saving the property from destruction, waste or loss, as distinguished from an effort to make returns for the creditors, are a lien on the property and entitled to priority over an existing mortgage. The benefit of such expenses directly accrues to the mortgage or lien-holder, by preserving his property from depreciation and loss. It is only equitable under such circumstances that he should be held subject to these disbursements. *McDermott* v. *Pentress Gas Co.* 82 W. Va. 230. *Porch* v. *Agnew Co.* 21 Dick. 232. *Karn & Hickson* v. *Rorer Iron Co.* 86 Va. 754.

When the receiver was appointed, the Company had no assets except its interest in the real estate already sold for taxes. It had no money with which to pay current obligations; the storage shed was in danger of collapsing, the annual income of the Company was gradually declining; it was necessary to pay $4,000 annually for taxes, and insurance premiums in the sum of approximately $2,000 had to be paid. Under all these circumstances, in our opinion the services of the receiver and his counsel in protecting the property from destruction were for the benefit of the bondholders; this part of the compensation allowed should be paid for and the property subjected to payment for these services before the payment of the mortgage. *Lembeck* v. *Jarvis Terminal Cold Storage Co.* 2 Robb. (N. J.) 352. *Freeman* v. *Craft,* 220 Ky. 15. Some of the decisions where this principle was recognized involved claims under receivers' certificates, but we think the rule is applicable here where the services of the receiver and his counsel were rendered in safeguarding the property from loss.

Another exception to the general rule is to be found when it appears that the mortgagee has itself sought the appointment of a receiver. In the case at bar the mortgagee did not ask that a receiver be appointed, but it was found that the trustee and bondholders availed themselves of the receivership and impliedly consented to priority for their fees and expenses over their mortgage. On this finding the bondholders, by their implied assent, were bound to the same extent as if they expressly consented. *Lembeck* v. *Jarvis Terminal Cold Storage Co., supra. Nessler* v. *Industrial Land Development Co.* 20 Dick. 491. See *Petersburg Sav. & Ins. Co.* v. *Dellatorre,* 70 Fed. Rep. 643. We are of opinion that the allowance to the receiver and his counsel in priority to the mortgagee was right.

The Exchange Trust Company made a loan of $30,000 to the bondholders upon the note secured by the pledge of the $85,000 bond issue. These bonds were sold to Hall for $40,200, who now holds the entire bond issue. It is contended that the title of the Exchange Trust Company to the bonds was not subject to the receivership expenses; that as Hall took title from the Exchange Trust Company, he is in the same relation to the property as the trust company. Property in receivership is in the custody of the court. *Lis pendens* is notice to all the world. *Wight* v. *Packer,* 114 Mass. 473, 474. *Haven* v. *Adams,* 8 Allen, 363, 367. Unless these proceedings are notice to all, the processes of law would be defeated. See *Jones* v. *Smith,* 40 Fed. Rep. 314. Having this notice, a reasonable inquiry would have shown the fact that the receiver was acting not only with the consent of the bondholders, but in close coöperation with them, and was entitled to compensation in priority to the bondholders. The trust company must be held to have had knowledge of the proceedings and the conduct of the interested parties. It therefore took title with notice, and the title is subject to the prior claim of the receiver.

*Decree affirmed with costs.*