CHAMBERLAIN GARAGES, INC. *vs.* NEW ENGLAND BOND AND MORTGAGE COMPANY.

Suffolk. April 4, 1929. — June 1, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Mortgage,* Of real estate: foreclosure. *Equity Jurisdiction,* Receivership proceedings. *Receiver.*

One holding a second mortgage upon land of a corporation operating a garage thereon made entry for the purpose of foreclosure and published a notice of a foreclosure sale, but did not record in the registry of deeds a certificate of entry. The mortgage did not in terms include the rents and profits of the land. In a suit in equity brought by the corporation against the mortgagee to restrain the foreclosure on the ground that the mortgage was invalid, a stipulation was filed providing that, until further order of the court, the foreclosure proceedings should be discontinued and the income of the corporation should be applied, first to the payment of operating expenses and second upon the mortgage or such debts of the corporation as should be approved by the mortgagee. Thereafter, upon a petition by certain creditors of the corporation who had intervened in the suit and had adopted as their own the allegations in the bill, a receiver was appointed under a decree restraining all persons from interfering with him or attempting to foreclose and suspending the operation of the stipulation previously filed. During the time in which the receiver was in possession, the first mortgage by leave of court was foreclosed and the land was sold at a foreclosure sale, and the second mortgage, after a hearing upon the merits, was found to be valid. A decree was entered dismissing the bill. The receiver then had in his hands a sum of money representing the

balance of receipts from the garage business after payment of expenses. The second mortgagee sought to have such balance paid to him to be applied against the amount due under his mortgage. The receiver contended that the mortgagee had no lien on such money, which should be distributed *pro rata* among all the creditors of the corporation. *Held*, that

(1) Since the mortgage did not in terms include the rents and profits from the land, the mortgagee to establish title to the balance in the hands of the receiver must show that he was in possession of the land at the time of the appointment of the receiver;

(2) Under the terms of the stipulation, considered together with the fact that the foreclosure proceedings were discontinued upon its filing, the corporation thereafter held possession of the land as agent of the mortgagee, who had taken possession under the provisions of the mortgage;

(3) The appointment of the receiver did not displace, in favor of the general creditors, the lien of the mortgagee;

(4) In the circumstances, the mortgagee was entitled to the balance in the receiver's hands.

BILL IN EQUITY, filed in the Superior Court on February 1, 1928, to restrain the foreclosure of a second mortgage held by the defendant upon property of the plaintiff.

Material facts and proceedings in the suit are described in the opinion. The receiver of the plaintiff corporation was appointed by order of *Cox*, J. The petition by the defendant that the receiver turn over to it the balance of $7,421.70 in his hands was dismissed by an interlocutory decree entered by order of *Bishop*, J., who thereupon reported the suit under G. L. c. 231, § 111.

*P. R. Ammidon*, for the defendant.

*R. C. Evarts*, (*S. L. Kaplan* with him,) for the plaintiff.

PIERCE, J. This case comes before us on a report from the Superior Court. G. L. c. 231, § 111. It was heard on an agreed statement of facts, in substance, as follows: On January 31, 1928, the New England Bond and Mortgage Company, hereinafter called the Mortgage Company, was the holder of a second mortgage on certain real estate, consisting of land and a garage thereon, located on Stoneholm Street in Boston. The first mortgage was given to secure a bond issue. Both the first and second mortgages were in default. On January 31, 1928, the Mortgage Company made a formal entry for the purpose of foreclosure, under G. L. c. 244, § 1.

At the same time it published a notice of a mortgagee's sale for Thursday, February 23, 1928. No certificate of entry was ever recorded in the registry of deeds.

On February 1, 1928, the plaintiff, hereinafter called the Garage Company, as owner of the equity of redemption filed a bill of equity in the Superior Court against the Mortgage Company attacking the validity of the second mortgage, questioning the amount due thereon, and praying that the Mortgage Company be restrained from proceeding with its foreclosure. At the hearing on an order of notice returnable February 8, 1928, a stipulation was entered into between the parties under the direction of the court, which provided, in substance, that until further notice the treasurer of the Garage Company should collect all moneys due or to become due the Garage Company and expend the same (1) "for the payment of actual operating expenses," and (2) "to the payment of the balance due the New England Bond and Mortgage Company or the payment of bills owed by Chamberlain Garages, Inc., provided such payments are offered [approved?] in writing by counsel for the New England Bond and Mortgage Company," and that "in the meantime the advertisement of the foreclosure is to be discontinued and no new notice published pending determination by the Court." It is to be observed that this stipulation had already been filed in the court on February 3, 1928.

On March 8, 1928, certain alleged general creditors of the Garage Company brought an intervening petition alleging, in substance, that the Mortgage Company was claiming an excessive amount as due on its mortgage and was threatening to deprive the Garage Company of its entire equity in the property through a foreclosure of its mortgage. Upon the prayer of the petition, that a receiver be appointed to take charge of the assets of the Garage Company and that the Mortgage Company be restrained from attempting to foreclose its mortgage or from interfering with the conduct of the receiver in the administration of the assets and affairs of the company, the presiding judge at a hearing had on March 16, 1928, against the objection of the Mortgage Company, appointed a receiver of the Garage Company "to marshall the

property and assets of said Chamberlain Garages, Inc., and to liquidate and distribute its assets among its creditors subject to the orders of this court." By the terms of the decree all creditors of the Garage Company were restrained from interfering with the receiver in his administration of the assets and affairs of the Garage Company, and from foreclosing or attempting to foreclose any of the property of the company while it was in possession or control of the receiver. "The stipulation heretofore entered into whereby the treasurer of the garage company was to pay the mortgage company all sums of money over and above those necessary for actual operating expense was expressly suspended by this decree."

The receiver immediately took possession of the property and continued in possession until August 1, 1928. During his occupation he conducted the business of the Garage Company with the same manager and staff of employees and along the same lines as it had hitherto been conducted. During the operation of the business the receiver, pursuant to the order of the Superior Court, made a payment to the city of Boston of $2,250 on account of taxes assessed for the year 1927. Other than this payment he made no payments on account of taxes, and no payments on account of principal or interest due on either the first or the second mortgage. No request was made to the court by any party in interest that the receiver be ordered to make any such payments and no order was issued by the court of its own motion. No payments were received by the Mortgage Company from any source after January 31, 1928. After the payment of all expenses of operating the business, the receiver now has in his hands $7,421.70, which represents the balance of receipts from the business after payment of expenses, except that in said balance is included $1,000 received from the sale to the Mortgage Company of unmortgaged personal property in the garage. The original bill and the intervening petition were heard on their merits "some weeks after the appointment of the receiver," the case being tried by counsel for the receiver on behalf of all parties plaintiff. "The court found the mortgage held by the mortgage company to be in all re-

spects valid and the amount claimed by the mortgage company to be correct," and in accordance with this finding, on July 13, 1928, a decree was entered in the Superior Court dismissing the bill as against the Mortgage Company.

On May 19, 1928, the Superior Court allowed the petition of the holder of the first mortgage to foreclose his mortgage. After one continuance the foreclosure sale was held on July 17, 1928, and the property was sold subject to all unpaid taxes, outstanding tax titles, municipal liens, and assessments, if any, to the Mortgage Company for $290,100. The above mentioned continuance had been obtained by the Mortgage Company upon the voluntary payment of $10,000 on account of overdue interest and principal on the first mortgage. The purchase price was paid by the Mortgage Company and a foreclosure deed was given it on August 1, 1928, at which time the receiver surrendered possession. Of the purchase price, $2,809.17 represented a surplus over the amount due on the first mortgage, including expenses of foreclosure and counsel fees. This amount was paid to the receiver by the first mortgagee and under the order of the court was subsequently paid over to the Mortgage Company. There is still a deficiency due the Mortgage Company, including interest, in excess of $75,000; and the claims of the unsecured creditors are largely in excess of the balance, $7,421.70, remaining in the hands of the receiver. The Mortgage Company made a demand upon the receiver for the payment of the entire balance in his hands, and, upon the refusal of the receiver to make such payment, petitioned the Superior Court to make such an order; the petition was dismissed and the case reported.

Upon the above facts the position of the receiver is that the fund in his hands, regardless of its source, should be distributed *pro rata* among all creditors of the estate, and that the Mortgage Company has no prior lien thereon; and he takes the further position that such prior lien, if it exists, "would not extend to that portion of the fund which is derived from sources other than storage charges." These positions are posited upon the fact that the mortgage covered the real estate of the Garage Company only, and did not by its terms

give the Mortgage Company any lien on the rents and profits; and upon the contention that general creditors, had the receiver not been appointed, could have resorted to the funds in the hands of the Garage Company, at least until such time as the Mortgage Company entered into actual possession of the premises. The Mortgage Company incurred no obligation to account to the mortgagor or to subsequent creditors upon its formal entry for the purpose of foreclosure under G. L. c. 244, § 1, even had that entry become perfected by the recording of a certificate in the manner required by G. L. c. 244, § 2. *Charles* v. *Dunbar*, 4 Met. 498. *Bailey* v. *Myrick*, 52 Maine, 132. Under the terms of the second mortgage held by the Mortgage Company there was no conveyance in terms of the rents and profits of the mortgaged real estate. It followed that its right to have them and its obligation to account for them to the Garage Company and to creditors of the Garage Company depended upon proof that the Mortgage Company was in actual possession of the mortgaged real estate, by itself or by a tenant, when the receiver was appointed. *Winnisimmet Trust, Inc.* v. *Libby*, 232 Mass. 491, 492. *Tilden* v. *Greenwood*, 149 Mass. 567, 569. *Burke* v. *Willard*, 243 Mass. 547.

The Mortgage Company was the legal owner of the real estate, and when in actual possession took the rents and profits in that character. The Garage Company and its creditors had a right of redemption only in equity; and their right to an account is only incident to the right to redeem. *Seaver* v. *Durant*, 39 Vt. 103. *Wilcox* v. *Cheviott*, 92 Maine, 239. The basic question here to be decided is, Was the Mortgage Company by reason of the stipulation, in actual possession of the mortgaged real estate when, at the suit of creditors of the Garage Company, the receiver was appointed with the powers above stated?

The fact that the foreclosure proceedings, entry and sale, were discontinued on the filing of the stipulation of the parties on February 3, 1928, the stipulation recognizing the right of the Mortgage Company to the fruits of possession and providing that all money due or to become due should be paid

to the Mortgage Company or to the creditors of the Garage Company when approved by the Mortgage Company, is a demonstration that the Garage Company after the stipulation held possession of the real estate as agent of the Mortgage Company and not in its own right. The appointment of a receiver is an equitable remedy which is ancillary to the main action; its purpose is the preservation of property for the ultimate judgment of the court, and it determines no rights of the parties to the controversy of strangers thereto. While it sanctions operation as an equitable attachment, it can displace no liens created by contract in favor of unsecured general creditors. *Kneeland* v. *American Loan & Trust Co.* 136 U. S. 89, 97. *Old Colony Trust Co.* v. *Medfield & Medway Street Railway,* 215 Mass. 156, 162. *Turner* v. *State Wharf & Storage Co.* 263 Mass. 92, 96, 97.

It is to be noted that the receiver in the pending case was appointed upon the allegations in the original bill in equity, which were adopted by the intervening creditors, to the effect that an injustice was threatened by the Mortgage Company in wiping out a valuable equity through the enforcement of an illegal and unconscionable mortgage; and it is especially to be observed that the judge, after a hearing on the merits, found that the mortgage held by the Mortgage Company was in all respects valid and that the amount claimed was correct, and dismissed the bill as against the Mortgage Company. It is to be further marked that the bill of complaint did not allege that the Mortgage Company in possession of the property through its agent, the Garage Company, was insolvent, was guilty of mismanagement, fraud or waste, and there is nothing in the agreed facts to indicate that such was the fact. While the appointment of the receiver operated under the interlocutory decree as a sequestration of the rents and profits accruing after the date of the order, it was equitable that the court should have restored the Mortgage Company to its *status quo* when it dismissed the bill of complaint and the petition of the intervening creditors.

On all the facts the Mortgage Company should be entitled to receive the entire net proceeds in the hands of the receiver,

namely, $7,421.70, less the sum of $1,000 which the receiver has received from the sale to the Mortgage Company of unmortgaged personal property of the Garage Company.

*Decree accordingly.*