OHAN KRIKORIAN *vs.* GRAFTON CO-OPERATIVE BANK.

Worcester. September 21, 1942. — October 28, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Mortgage*, Of real estate: repairs, waste, accounting after foreclosure. *Real Property*, Waste.

Damage, caused by the great hurricane of September 21, 1938, to real estate mortgaged under a coöperative bank mortgage in the statutory form, was not strip or waste committed or suffered by the mortgagor within the provisions of the mortgage.

In an accounting to a second mortgagee of real estate respecting the sum received by the first mortgagee under a coöperative bank mortgage in the statutory form through sale in foreclosure of that mortgage,

the coöperative bank was not entitled to credit for money advanced by it at the mortgagor's request, while there was no default by the mortgagor under either mortgage, to repair damage caused to the premises by the great hurricane of September 21, 1938; section 20 of G. L. (Ter. Ed.) c. 244 was not applicable.

CONTRACT. Writ in the Superior Court dated April 25, 1939.

The case was heard by *Leary,* J., without a jury.

*D. D. Swain,* for the defendant.

*A. Garabedian,* for the plaintiff, submitted a brief.

Cox, J. The great hurricane of September 21, 1938 (see *Hoosac Tunnel & Wilmington Railroad* v. *New England Power Co.* 311 Mass. 667) practically destroyed the roof of a house on premises that were subject to a second mortgage that had been assigned to the plaintiff and to a first coöperative bank mortgage to the defendant. The defendant foreclosed its mortgage on February 24, 1939, and the plaintiff seeks to recover an alleged surplus in the hands of the defendant resulting from the foreclosure sale. The case was referred to an auditor, whose findings of fact were to be final. The defendant raises no question as to the right of the plaintiff to recover in this form of action. *Knowles* v. *Sullivan,* 182 Mass. 318. *Cole* v. *Bates,* 186 Mass. 584, 586. *Nelson* v. *Piper,* 213 Mass. 531, 533. See *Wiggin* v. *Lowell Five Cent Savings Bank,* 299 Mass. 518. In fact, it admits liability to the plaintiff in the amount of $105.50.

The auditor found that the whole house, exposed to the elements, was damaged to the extent that it became uninhabitable, and that all of the "tenants except . . . [the mortgagors, husband and wife]" removed for a few weeks. Within a few days after the hurricane, it appeared that the mortgagors were unable to pay for the repairs needed at once, "so the bank agreed to undertake them," and made contracts for "various sorts of work on the property." About this time, the plaintiff asked the defendant's treasurer for a loan of $1,000 for the purpose of making the repairs himself as second mortgagee, but the defendant refused to make it. A temporary roof was ordered by the

defendant on which work began on September 26, 1938, and was completed on October 18. During the month of October, other work in the nature of painting, papering and repairing was done at the instance of the defendant. Work on a permanent roof was substantially completed on November 12, 1938. On September 21, 1938, there had been no default or breach of condition of either the first or second mortgage. Thereafter, the mortgagors made no payments on the defendant's mortgage, and on November 15, 1938, the defendant made a peaceable entry on the premises for the purpose of foreclosing its mortgage, which was foreclosed by sale on February 24, 1939.

The defendant reasonably and in good faith expended $970.76 in the above described work prior to the date of its entry, for the purpose of preserving the rights of all parties "who had a financial interest in the property." The auditor found that, if the defendant was legally entitled to charge against its mortgage the sum expended or incurred before its entry to foreclose, the plaintiff is entitled to recover $105.50, but that if the defendant is not so entitled, the plaintiff is entitled to recover the amount so expended, together with $105.50 which the defendant now concedes is due. The trial judge, in effect, allowed the plaintiff's motion for judgment by finding for him for both sums. *Pittsley* v. *Allen,* 297 Mass. 83, 85. See *Lewis* v. *Conrad & Co. Inc.* 311 Mass. 541, 544. The defendant excepted. The judge also found for the plaintiff on the defendant's declaration in set-off, but the defendant has not questioned this finding.

A mortgage of real estate in this Commonwealth, as between the mortgagor and mortgagee, is regarded as a conveyance in fee in order to give the mortgagee effectual security for his debt or the performance of some other obligation due to him. It is a conveyance of real estate, or of some interest therein, defeasible upon the performance of a stated condition. The mortgagee is the holder of the paramount title. *Harlow Realty Co.* v. *Cotter,* 284 Mass. 68, 69, and cases cited. General Laws (Ter. Ed.) c. 183, § 26, provides that until default in the performance or ob-

servance of the condition of a mortgage of real estate, the mortgagor and his heirs and assigns may hold and enjoy the mortgaged premises and receive the rents and profits thereof, unless otherwise stated in the mortgage. *Chamberlain* v. *James*, 294 Mass. 1, 8.

The defendant's mortgage is in the usual form of a coöperative bank mortgage and is upon the statutory coöperative bank mortgage condition, for any breach of which the mortgagee shall have the statutory coöperative bank power of sale. This statutory condition (G. L. [Ter. Ed.] c. 183, § 23) is, so far as material, that if the mortgagor shall pay the monthly dues and charges until the shares pledged (see G. L. [Ter. Ed.] c. 170, § 26) shall reach their matured value, or, if the loan otherwise shall be sooner paid, shall pay all taxes and assessments, shall keep the buildings insured against fire, or in default thereof, shall "on demand pay to the said mortgagee . . . all such sums as it shall reasonably pay for such taxes, assessments and insurance, with interest, and shall not commit or suffer any strip or waste of the mortgaged premises, or any breach of any covenant herein contained . . . then the mortgage deed, as also the mortgage note, shall be void." The coöperative bank power of sale (G. L. [Ter. Ed.] c. 183, § 24) in substance permits a sale of the mortgaged premises in case of nonpayment of monthly dues, interest or fines and premiums for more than four months after any payment shall be due, or upon any other default in the performance or observance of the conditions of the mortgage, first complying with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale. See G. L. (Ter. Ed.) c. 244, §§ 11–17.

When the building was damaged by the hurricane, there had been no default or breach of condition of either mortgage. The defendant made no entry for the purpose of foreclosing until November 15, 1938. From the fact that the mortgagors paid nothing after the hurricane, it would seem that there was a breach of the condition of the mortgage before the date of entry in their failure to pay monthly dues.

The defendant contends that the items of expense incurred before the date of entry were for the purpose of obviating waste. It has been said that a mortgagor in possession is not bound to rebuild structures destroyed by fire, *Reid* v. *Bank of Tennessee*, 1 Sneed, 262, 274, or to repair the premises when they have been injured without his default. *Campbell* v. *Macomb*, 4 Johns. Ch. (N. Y.) 534, 542. 2 Jones on Mortgages (8th ed.) § 1432. Of course, a mortgagor, by agreement, could make himself so liable. We are of opinion that the mortgagors did not commit waste. It does not appear that it was humanly possible for them to prevent the damage to the mortgaged property. It is not inconceivable that many owners of property in the path of the hurricane also were in the same predicament as the mortgagors in that they were unable to pay for the needed repairs at once. There was no negligence on the part of the mortgagors. The widespread damage left in the wake of the hurricane fell upon the rich and the poor alike. See and compare *Delano* v. *Smith*, 206 Mass. 365, 370, 371; *United States* v. *Bostwick*, 94 U. S. 53, 68; *White* v. *Wagner*, 4 Har. & J. 373, 391, 392; *Shult* v. *Barker*, 12 S. & R. 272; *Pollard* v. *Shaaffer*, 1 Dall. (Pa.) 210, 211. If it be assumed on this record that because of the damage caused by the hurricane, the defendant had an immediate right of entry, the fact is that it did not enter.

The defendant contends that in view of the finding of the auditor that the repairs were necessary, reasonable and required to preserve the property, it is entitled to an allowance for them in this action under G. L. (Ter. Ed.) c. 244, § 20, which provides, in substance, that if the mortgagee has had possession of the land, he shall account for rents and profits, and be allowed for all amounts expended in reasonable repairs and improvements, for all lawful taxes and assessments paid and for all other necessary expenses in the care and management of the land. This section appears under the subtitle "Redemption." It would seem that it relates to redemption proceedings. If it be assumed that it has any relation to an action to recover a balance

or deficiency alleged to be due after a foreclosure sale (see *City Institution for Savings* v. *Kelil*, 262 Mass. 302, 307, 308; *Hadley Falls Trust Co.* v. *United States*, 22 Fed. Sup. 346, 351, 352), nevertheless, we are of opinion that the possession referred to in this section is a possession taken for breach of condition. See G. L. (Ter. Ed.) c. 244, § 18. A merely formal entry for the purpose of foreclosure imposes no obligation to account to the mortgagor. Actual possession is required. *Charles* v. *Dunbar*, 4 Met. 498. *Chamberlain Garages, Inc.* v. *New England Bond & Mort- gage Co.* 267 Mass. 453, 458. It appears that the mortgagors remained on the premises after the hurricane. They were unable to pay for the repairs needed at once "so the bank agreed to undertake them." Nothing further appears as to the nature of the defendant's agreement. Apart from the fact that the defendant was the mortgagee, the situation is not different from one where a contractor may have agreed with the mortgagors to make the repairs. The plaintiff, as the assignee of the second mortgage, had his rights and is entitled to stand upon them. We are of opinion that the defendant is not entitled to credit for the repairs made before entry for breach of condition by reason of anything contained in said § 20. See *Altobelli* v. *Montesi*, 300 Mass. 396, 399–402; *Davis* v. *Newburyport Five Cents Savings Bank*, 311 Mass. 377, 386.

It is true that a mortgagee, "even before breach of the condition of the mortgage, though not in possession of the mortgaged real estate and not entitled to possession thereof by the terms of the mortgage . . . can maintain an action based on his title against the mortgagor or a stranger for injury to his interest in the property as security." *Chamberlain* v. *James*, 294 Mass. 1, 8. We have seen, however, that a mortgagor, unless otherwise stated in the mortgage, until default in the performance or observance of the condition of the mortgage, is entitled to hold and enjoy the mortgaged premises and receive the rents and profits therefor. G. L. (Ter. Ed.) c. 183, § 26. Upon such default, the mortgagee is entitled to immediate possession merely in the sense that upon breach of condition he is entitled to

recover possession of the mortgaged premises by an open and peaceable entry on such premises, or by action, or, if the mortgage contains a power of sale, to foreclose by sale. *Harlow Realty Co.* v. *Cotter*, 284 Mass. 68, 69, 70. *Chamberlain* v. *James*, 294 Mass. 1, 8. General Laws (Ter. Ed.) c. 183, § 27, provides, in substance, that the holder of a mortgage, out of money arising from a sale under the power of sale, shall be entitled to retain all sums "then secured by the mortgage . . . including all costs, charges or expenses incurred or sustained by him or them by reason of any default in the performance or observance of the condition of· the mortgage . . . rendering the surplus, if any, to the mortgagor, or his heirs, successors or assigns, unless otherwise stated in the mortgage." See *Security Co-operative Bank* v. *Corcoran*, 298 Mass. 156, 158. We are of opinion that the rights of the parties in the case at bar are governed by the provisions of said § 27.

The defendant contends, however, that the case at bar, in so far as the expenditures prior to the entry to foreclose are concerned, comes within the rule stated in *Wiggin* v. *Lowell Five Cent Savings Bank*, 299 Mass. 518. We are of opinion, however, that that case is distinguishable. There the mortgage contained a condition that the grantor, or her heirs, executors, administrators or assigns should pay on demand to the mortgagee or its assigns "all such sums as they shall pay for taxes and assessments on the granted premises." It was said, at page 522, that this condition authorized the mortgagee to pay the taxes, without waiting for a tax sale, and to demand reimbursement therefor from the mortgagor or his assigns, and that a breach of the condition to make such reimbursement on demand would be a ground for foreclosure by sale; and, further, that upon such sale, amounts so paid by the mortgagee would be added to the amount secured by the mortgage as a first charge upon the proceeds of such a foreclosure sale. The taxes in that case were paid in 1931, and the mortgagee did not make an entry for the purpose of foreclosure until 1935. The plaintiff, who was a second mortgagee, made no contention that if the mortgagee had a right to pay the taxes and add the

amount so paid to the amount secured by its first mortgage, it would not be entitled to retain such amount out of the money collected on an insurance policy, but did contend that the defendant had no right to pay such taxes and add the amount so paid to the amount secured by its first mortgage, particularly since "no so-called mortgagee's certificate therefor" was recorded. It was held that the defendant, the first mortgagee, as against the plaintiff, the second mortgagee, was entitled to add amounts paid for taxes in conformity with the condition of the first mortgage to the amount secured by that mortgage. We find nothing in the terms of the first mortgage in the case at bar that authorized the defendant to add to the amount secured thereby the amount paid for repairs before its entry to foreclose.

*Exceptions overruled.*