This certifies that this is the opinion of the Appellate Division in this cause.

> **Charles R. Jannino, Clerk**
> **Appel. Div.**

---

## COMMONWEALTH FEDERAL SAVINGS AND LOAN ASSOCIATION

### vs.

## INHABITANTS OF THE TOWN OF SHREWSBURY, SHREWSBURY MUNICIPAL LIGHT PLANT and SHREWSBURY BOARD OF LIGHT COMMISSIONERS

### No. 8652

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**October 16, 1981**

Richard L. Fox, Esq., counsel for plaintiff

T. Philip Leader, Esq., counsel for defendant

## OPINION

FORTE, J. This is an action for money had and received which the plaintiff alleges it paid the defendant Shrewsbury Municipal Light Plant (Municipal) under protest.

At trial there was evidence that Redfern Company, Inc. (Redfern) owned a commercial building, El Grande Office Building (El Grande) located in the Town of Shrewsbury, and there were various commercial tenants in said building. Electricity was supplied to the tenants by Redfern, which was a customer of Municipal, an electric utility company authorized under G.L. c. 164 and owned by the defendant Town of Shrewsbury. The defendant Shrewsbury Board of Light Commissioners is a municipal light commission as defined in G.L. c. 164.

The plaintiff banking corporation, by merger successor to Monument Federal Savings & Loan Association, was the holder of a mortgage on El Grande. Said mortgage was dated May 28, 1975 and duly recorded in the Worcester Registry of Deeds.

Redfern failed to make several payments for electricity and as of December 23, 1976 was indebted to Municipal in the amount of $8,909.29. By letter dated December 30, 1976 Municipal demanded full payment by Redfern, and a failure to render payment would result in the termination of all electric service to El Grande on January 17, 1977.

Rather than shut off the electricity on January 17, 1977, Municipal informed the El Grande tenants of Redfern's electric bill arrearages and warned them that continued non-payment would result in the termination of electric service to El Grande on January 26, 1977.

On January 12, 1977, upon breach of the conditions of Redfern's mortgage, the plaintiff made entry onto the El Grande premises and notified the tenants. The plaintiff duly recorded a Certificate of Entry in the Worcester Registry of Deeds on January 14, 1977. At this time the plaintiff was unaware of Redfern's indebtedness to Municipal and Municipal made no attempt to secure payment by making an attachment or filing a lien against El Grande.

The plaintiff caused Municipal to be notified it had taken possession of El Grande and requested Municipal to change the El Grande electric service to the account of the plaintiff. Municipal not only denied the plaintiff's request to change the account but also refused to accept a utility security deposit from the plaintiff. Municipal advised the plaintiff that a failure to remit full payment for Redfern's outstanding electric bills would result in the termination of all electric service to El Grande. As a result, on January 25, 1977, the plaintiff paid Municipal $8,909.29 under protest.

The plaintiff thereafter appealed the action of Municipal to the defendant Shrewsbury Board of Light Commissioners which, after a hearing, denied the appeal on July 17, 1977. The plaintiff also requested but was unable to obtain a hearing before the Department of Public Utilities.

In addition, on May 17, 1977 the plain-

tiff recorded another Certificate of Entry and an Order of Notice and Foreclosure Deed in the Worcester Registry of Deeds. These documents established the plaintiff's foreclosure by judicial process of the mortgage on El Grande.

Upon the close of the evidence, Municipal filed the following requests for rulings:

"1. The evidence does not warrant a finding that the plaintiff was in possession of the subject premises prior to May 17, 1977.

"2. The plaintiff was not entitled to any of the rights of an owner of the subject premises prior to May 17, 1977.

"3. The plaintiff was not entitled to any of the rights of an occupier of the subject premises prior to May 17, 1977.

"4. The evidence does not warrant a finding that the $8,909.29 paid to Shrewsbury Electric Light Plant on or about January 25, 1977 was in payment for a bill for electricity which remained unpaid by a previous occupant of the subject premises.

"5. The evidence does not warrant a finding that Red Fern, Inc. was a previous occupant of the plaintiff with respect to the subject premises within the meaning of General Laws Chapter 164, Section 125.

"6. This Court has no jurisdiction over this present case since the exclusive remedy of the plaintiff is by application to the Department of Public Utilities."

The court found for the plaintiff in the amount of $8,909.29 with interest, denied the defendant's request for rulings, and

filed findings of fact which included the following:

"7. I find that the plaintiff paid the sum of $8,909.29 to (Municipal) under valid written protest as the only economic alternative to protect its commercial property, and to prevent said property from being rendered uninhabitable due to lack of heat and electricity caused by the defendant's threatened shut off of electric services.

"8. I find that the plaintiff and Redfern were completely separate legal entities, with no relationship other than successor mortgagee and mortgagor. I find that outstanding electric bill of $8,909.29 was owed to the defendants by Redfern alone as the previous occupant of the El Grande office building. I find that in January, 1977, the plaintiff effected a valid entry and possession of the El Grande building, and was thereafter entitled to electrical services from the defendants with no obligation to pay the outstanding electric bill Redfern.

Municipal claims to be aggrieved by the judge's denial of its six requests for rulings.

There was no error.

I. Request #6 — Court's Jurisdiction

In its brief and arguments, the defendant's position is that the plaintiff must first exhaust its remedies before the Department of Public Utilities, and short of the exhaustion of administrative remedies the courts are without jurisdiction. It is true that pursuant to G.L. c. 164, § 92, a person refused electric service may petition the Department of Public Utilities to order the supplier to render service and that the petition is the exclusive remedy to obtain the denied

service. **Wyatt v. Boston Consolidated Gas Co.,** 319 Mass. 250, 251 (1946). It also appears a customer threatened with discontinuance of electric service has a right to an agency hearing. **Cambridge Electric Light Co. v. Department of Public Utilities,** 363 Mass. 474, 500 n. 36 (1973). However, what the defendant overlooks is that the parties avoided the requirement of G.L. c. 164, § 92 by the defendant providing service and raised by the payment under protest the issue of whether the plaintiff is responsible for a prior owner's bill.

The provisions of the footnote in the **Cambridge Light** case do not come into play because the defendant agrees the plaintiff was not a customer threatened with discontinuance.

What the defendant in argument overlooks is that the plaintiff sought administrative relief but was unable to secure a hearing before the Department of Public Utilities. This good-faith attempt to comply with c. 164 is an exhaustion of administrative remedies. In any event, an action for money had and received is within the jurisdiction of the district courts.

Denial of request #6 was not error.

II. Requests #1, 2, 3, 4 and 5 — Rights of the plaintiff resulting from entry on January 12, 1977.

Prior to January 17, 1977, the relationship between the plaintiff and Redfern was mortgagee-mortgagor, and as such the plaintiff-mortgagee held legal title, **Perry v. Miller,** 330 Mass. 261 (1953), whereas Redfern-mortgagor enjoyed an exclusive right to possession and management. **Krikorian v. Grafton Co-operative Bank,** 312 Mass. 272 (1942); G.L. c. 183, § 26.

Upon default of the mortgage conditions, a mortgagee pursuant to G.L. c. 244, § 1 may foreclose and recover possession of the mortgage premises by an open and peaceful entry thereon. Such possession so obtained, if continued peacefully for three years, shall forever foreclose the right of redemption. To effectuate rights upon entry, the mortgagee must record a memorandum of entry in the registry of deeds within thirty days. G.L. c. 244, § 2. This was accomplished on January 14, 1977 and the tenants of El Grande were so notified. The plaintiff was then entitled to receive the rents. **Corrigan v. Payne,** 312 Mass. 589 (1942). All Redfern retained was an equity of redemption which would terminate after the plaintiff's continued possession for three years.

The plaintiff's additional action on May 17, 1977 by filing in the registry of deeds an Order of Notice and a Foreclosure Deed reflects its additional foreclosure by judicial process.

G.L. c. 164, § 125 reads:

A gas or electric company shall not refuse to supply gas or electricity for any building or premises to a person applying therefor who is not in arrears to it for any gas or electricity supplied to him, because a bill for gas or electricity remains unpaid by a previous occupant of such building or premises.

Redfern may be deemed a "previous occupant" within the meaning of G.L.c. 164, § 125 unless as between Redfern and the plantiff there existed "such identity ...that they ought to be considered the same party..." **Cox v. Malden & Melrose Gas Light Company,** 199 Mass. 324, 325 (1908). The competing interest of the plaintiff and Redfern under the mortgage is sufficient to distinguish them as different parties. Further the entry in January, 1977 gave the plaintiff the status of new occupant. See, **Abbott v. Upham,** 13 Metc. 172 (1847).

Therefore there was no error in denying requests 1 through 5.

The report was dismissed.

John P. Forte, J.
James B. Tiffany, J.
Richard L. Banks, J.

854

This certifies that this is the opinion of the Appellate Division in this cause.

**Charles R. Jannino, Clerk**
**Appellate Division**