In the Matter of Sam MARKEL, d/b/a
Markel Home Builders Company,
Bankrupt.

In the Matter of Betty MARKEL,
Bankrupt.

Nos. 41710, 43686.

United States District Court
E. D. Michigan, S. D.

May 25, 1961.

S. Lawrence Stein, Detroit, Mich., for bankrupts.

Irving August, Detroit, Mich., for trustee.

THORNTON, District Judge.

The Court has before it the certificate [1] of the Referee on Petition for Review. The particular matter sought to be reviewed concerns the application of Section 28 of Title 11, U.S.C.A. which reads as follows:

"§ 28.    Apprehension and extradition of bankrupts

"a.    The court may, during the pendency of a proceeding in bankruptcy, upon application of the receiver, trustee, or a creditor and upon satisfactory proof by affidavit that the examination of such bankrupt is necessary for the proper administration of the estate and that there is reasonable cause to believe that such bankrupt is about to leave the district in which he resides or has his principal place of business to avoid examination, or that he has evaded service of a subpena or of an order to attend for examination, or that, having been served with a subpena or order to attend for examination, he has willfully disobeyed the same, issue to the marshal a warrant directing him to bring such

1.    This opinion determines two reviews in two cases.    We will, however, use the singular throughout.

bankrupt forthwith before the court for examination. If, upon hearing the evidence of the parties, it shall appear to the court that the allegations are true and that it is necessary, the court shall fix bail conditioned for his appearance for examination, from time to time not exceeding in all ten days, as required by the court, and for his obedience to all lawful orders made in reference thereto.

"b. Whenever any warrant for the apprehension of a bankrupt shall have been issued under this title, and he shall have been found within the jurisdiction of a court other than the one issuing the warrant, he may be extradited in the same manner as persons under indictment are now extradited from one district to another.

"c. Where the bankrupt is a corporation, 'bankrupt' for the purposes of this section shall include its officers and the members of its board of directors or trustees or of other similar controlling bodies. As amended June 22, 1938, c. 575, § 1, 52 Stat. 848."

There are several reasons advanced by petitioner why the warrant of arrest heretofore issued should be dismissed. The Referee concluded that none was valid. We are of the opinion that there is one which merits discussion. The other reasons are not sound in the light of the provisions of 11 U.S.C.A. § 28 and of the contents of the affidavits here present.

It should be here stated that the petitioner was apprehended in the State of California by a United States Marshal in possession of a warrant issued by the Referee in Bankruptcy for the Eastern District of Michigan and directed to the United States Marshal for the Eastern District of Michigan, Southern Division. On the warrant is the return of the Marshal for this latter District stating that "the within named defendant is no longer in this district and believed to be in the Southern District of California. Warrant being forwarded this day to S/D

Cal." After petitioner's apprehension on this warrant in California, he was there released on bond.

■ ■ In support of the motion to dismiss, petitioner sets forth the following reason (among others):

"The warrant is defective on its face because it has not been signed by the Clerk of this court as required by General Order 3 of the General Orders of Bankruptcy and Statute."

The language of General Order 3, 11 U.S. C.A. following section 53 is:

"3. Process

"All process, summonses, and subpoenas, except such as are issued by the Interstate Commerce Commission in the performance of its duties under section 77 of the Act, shall issue out of the court, under the seal thereof, and be tested by the clerk; and blanks, with the signature of the clerk and seal of the court, may, upon application, be furnished to the referees."

The General Orders, of course, have the effect and force of law except as they conflict with the Bankruptcy Act. It is arguable that when the language of 11 U.S. C.A. § 28, sub. a authorizes the Court to "issue to the marshal a warrant directing him to bring such bankrupt forthwith before the court for examination" that the failure to include the specific directives of General Order 3 indicates that compliance with General Order 3 is not required. We are of the opinion, however, that the General Orders may not be abrogated with such dispatch. Under familiar rules of statutory construction, it is obligatory that statutes be construed as harmonious with one another rather than as conflicting, if such construction is at all possible.

■ The warrant for the arrest of a person pursuant to 11 U.S.C.A. § 28 is somewhat akin to a criminal proceeding and it will be noted that in connection with a criminal proceeding that 28 U.S. C.A. § 1691 provides that "All writs and

928

process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof." In this connection we also refer to Rule 9 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. Subsection (b) (1) of Rule 9 provides that the warrant (upon indictment or information) *shall* be signed by the clerk. (Italics ours.) Form 12 of the Federal criminal forms, 18 U. S.C.A., also includes a provision for attestation by the clerk.

 The warrant issued by the Referee in the case here pending contained the seal of the court but it was not "tested by the clerk." The technicality here breached may be one of no substance. If we were to conclude, however, that its observance is optional, we would in effect render the requirement a nullity. There is no alternative but to conclude that the warrant is invalid for failure of compliance with General Order 3, which we hold to be not in conflict with 11 U.S. C.A. § 28.

An order may be presented in accordance with the above.