**In the Matter of Cecil Garrett CHOCK-LETT, Sr., t/a Sunrise Sales, Bankrupt.**

**No. 66–BK–147–R.**

United States District Court
W. D. Virginia,
Roanoke Division.

Oct. 12, 1967.

Ralph Masinter, Masinter & Masinter, Roanoke, Va., for Larami Corp.

Stuart Barbour, Jr., Roanoke, Va., for trustee, Charles L. Apperson.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case is before the court upon the petition of the Larami Corporation (hereinafter petitioner) to review the order of the referee in bankruptcy deny-

ing petitioner's motion to enjoin the trustee in bankruptcy from proceeding on a suit against petitioner allegedly improperly brought as in violation of General Order in Bankruptcy No. 44.[1] 11 U.S.C.A. following repealed section 53.

On March 18, 1966 Cecil G. Chocklett, Sr. (hereinafter bankrupt) filed a petition in bankruptcy and was duly discharged on October 31, 1966. During the process of administering the bankrupt's estate the trustee in bankruptcy learned of a levy and sergeant's sale against property of the bankrupt obtained by the petitioner on January 4, 1966 and sought to recover the proceeds as constituting a voidable preference. On October 28, 1966 the trustee orally requested the referee in bankruptcy to appoint an attorney to represent the trustee in his suit to avoid the alleged preference and recover the proceeds of the sale. The referee granted the trustee's request although no verified petition had been filed by the trustee as required by General Order No. 44. Appointed counsel then filed suit on behalf of the trustee in the Hustings Court of the City of Roanoke, Virginia, seeking to recover the $1,352.00 the petitioner had recovered at the sergeant's sale allegedly constituting the voidable preference. Petitioner filed a notice of intention to enjoin the trustee from proceeding in the Hustings Court

and on July 26, 1967 a hearing was held on the motion. Petitioner there claimed that the trustee should be enjoined from proceeding in the Hustings Court because the suit was improperly brought since the attorney representing the trustee on the suit had been appointed by the court on October 28, 1966 without a verified petition ever having been filed as required by General Order No. 44: "No attorney for a receiver, trustee or debtor in possession shall be appointed except upon the order of the court, which shall be granted only upon the verified petition of the receiver, trustee or debtor in possession, * * *." He said the General Orders are mandatory, not discretionary and that the trustee's suit in the Hustings Court suit should be dismissed with prejudice to his further proceedings thereon for failure to comply with the order. The referee denied petitioner's motion, and after the trustee filed a verified petition, entered an order nunc pro tunc as of October 28, 1966 the intended effect of which was to make counsel's appointment valid under the order as of the original date of appointment. The referee stated in his order that the trustee's failure to file a verified petition for appointment of counsel did not affect the validity of the suit brought in the Hustings Court even though the attorney was improperly appointed by the court.

---

1. The pertinent portions of General Order in Bankruptcy No. 44 are as follows:

Appointment of Attorneys

No attorney for a receiver, trustee or debtor in possession shall be appointed except upon the order of the court, which shall be granted only upon the verified petition of the receiver, trustee or debtor in possession, stating the name of the counsel whom he wishes to employ, the reasons for his selection, the professional services he is to render, the necessity for employing counsel at all, and to the best of the petitioner's knowledge all of the attorney's connections with the bankrupt or debtor, the creditors or any other party in interest, and their respective attorneys. If satisfied that the attorney represents no interest adverse to the receiver, the trustee, or the estate in the matters upon which he is to be engaged, and that his employment would be to the best interests of the estate, the court may authorize his employment, and such employment shall be for specific purposes unless the court is satisfied that the case is one justifying a general retainer. If without disclosure any attorney acting for a receiver or trustee or debtor in possession shall have represented any interest adverse to the receiver, trustee, creditors or stockholders in any matter upon which he is employed for such receiver, trustee or debtor in possession, the court may deny the allowance of any fee to such attorney, or the reimbursement of his expenses, or both, and may also deny any allowance to the receiver or trustee if it shall appear that he failed to take diligent inquiry into the connections of said attorney.

The question raised on petitioner's petition for review is: does the entry of an order of appointment by the court under General Order No. 44 without a verified petition having been filed prevent trustee's attorney from instituting a valid suit on the trustee's behalf. The court finds that it does not.

▪▪▪ General Order No. 44 as all General Orders in Bankruptcy was adopted by the Supreme Court of the United States to "explain, amplify and apply the provisions of the Bankruptcy Act." They have the force and effect of law, Widett v. D'Andria, 241 F.2d 680 (1st Cir. 1957), In re Blair, 170 F.2d 830 (7th Cir. 1948), provided they do not conflict with the Bankruptcy Act, In re Markel, 195 F.Supp. 926 (E.D.Mich.1961), and they must be strictly construed and applied, In re H. L. Stratton, Inc., 51 F.2d 984 (2nd Cir. 1931); *Widett,* supra.

▪▪ Under General Order No. 44 the trustee selects an attorney but the court is given a voice in the selection because the attorney is appointed by order of the court only after he is carefully examined by the court. The order is designed to protect the bankrupt's estate.

In the *Widett* case, supra, the court was faced with a problem similar to the one now before the court. It had to determine the question of the authority of counsel to act for the trustee in filing an appeal where counsel had not been appointed in the manner as required by Order No. 44. There the trustee in bankruptcy petitioned the District Court for review of the referee's order. The petition was dismissed and the trustee by counsel filed notice of appeal. The attorneys representing the trustee who filed the notice of appeal, however, had not been appointed in accordance with General Order No. 44 and the appellee filed a motion to dismiss the appeal for lack of jurisdiction on the grounds that the attorneys had no standing to file the notice of appeal. The court denied the appellee's motion and in holding that the trustee's appeal was not subject to dismissal on the grounds that the attorneys who filed the notice of appeal had not been appointed in accordance with Order No. 44 said:

"The basic purpose of the Order is to protect the bankrupt's estate—to conserve as much of it as possible for the creditors—first by preventing the unnecessary employment of attorneys to represent the officials having charge of the estate under the direction of the court, and second, when employment of attorneys is necessary, to assure that those employed are capable men who have no interest adverse to the estate. The only sanction provided in the Order is denial of fees and expenses to attorneys not appointed in conformity with its requirements.

"Certainly an appeal to this court from an order adverse to a Trustee in Bankruptcy does not necessarily harm but on the contrary may well benefit the estate. And such an appeal if successful benefits the estate as much when taken by counsel authorized to do so but not appointed as the Order requires as when taken by counsel who have been properly appointed. Even an unsuccessful appeal can harm the estate only by delay and to the extent of the costs that might be imposed, and these harms to the estate are the same whether the appeal was taken by regularly appointed counsel or by counsel acting for the Trustee but not appointed in conformity with the Order. Indeed, an unsuccessful appeal when taken by counsel not appointed by the court may harm the estate less than such an appeal when taken by court appointed counsel, for, if taken by counsel acting for the Trustee but not appointed as the Order requires, counsel's fees and expenses may be denied, whereas we may assume that the fees and expenses of appointed counsel would not be denied except, perhaps, in the unlike-

ly event that the appeal was frivolous and taken only for delay or to earn a fee. The sanction provided in the Order seems adequate to effectuate its purpose, at least as far as taking an appeal is concerned. We see no point in adding lack of authority to file notice of appeal to the sanction stated in the order." 241 F.2d at 682–683.

■ We find that the holding of the court in *Widett,* supra, governs the filing of the suit in this case. Here the attorney was appointed also in non-compliance with Order No. 44. The purpose of the rule is to protect the estate by insuring employment of competent counsel who have no adverse interest and, therefore, the appointment of counsel to represent the estate in the absence of a verified petition should not withdraw counsel's authority to file a valid suit against petitioner. As in the case of the appeal the filing of the suit "may well benefit the estate." No sanction such as petitioner claims here was apparently intended by the court and we find no need to read such into the Order. By non-compliance the attorney possibly risked the loss of compensation but he did not lose his authority to file a valid suit on behalf of the trustee. Thus, the suit in question is valid and may be maintained despite the fact that the order was not complied with. A suit filed by an attorney appointed under Order No. 44 is not subject to dismissal merely because appointment was made in the absence of a verified petition.

There, however, remains the question of the validity of the referee's order nunc pro tunc. Inasmuch that the court has already decided that the improper appointment did not affect the validity of the suit filed by the attorney, that question for present purposes is moot and we need not pass upon it.

It is, therefore, adjudged and ordered that the referee's order be sustained and that the trustee may proceed on the suit in the Hustings Court.

